[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendants' Motion for Summary Judgment (#120).
On December 6, 1993, the plaintiff, Richard Lewis, filed an action (Lewis II) against the defendants, Connecticut Motor Club, Inc., David Pringle and Club Leasing Services, Inc.
The parties were involved in a prior action (Lewis I) in which a judgment of nonsuit was entered on October 21, 1991. In the present action, the plaintiff seeks to file a new action under the accidental failure of suit statute, General Statutes § 52-592, or in the alternative, seeks a new trial pursuant to General Statutes § 52-270.
In Lewis I, the court, entered a nonsuit on October 21, 1991, CT Page 3527 pursuant to Practice Book §§ 363 and 231 because the plaintiff failed to comply with the defendants' discovery request. The plaintiff claimed he never received the court-issued notice of nonsuit and did not have actual notice thereof until February 5, 1993.
On March 4, 1993, the plaintiff filed a motion to open the judgment of nonsuit pursuant to Practice Book § 326[1] Defendants opposed the motion and the court held an evidentiary hearing. On September 27, 1993, the court, denied the plaintiff's motion. The plaintiff appealed and the Appellate Court affirmed the decision of the court. Lewis v. Connecticut Motor Club, Inc., et al.,36 Conn. App. 948.
The present action, Lewis II, was filed while the appeal was pending.
On December 6, 1993, the plaintiff filed the present action pursuant to the accidental failure of suit statute, General Statutes § 52-592, or in the alternative, seeking a new trial pursuant to General Statutes § 52-270. The plaintiff submitted an affidavit of counsel stating that the plaintiff did not receive "actual notice" of the nonsuit in Lewis I until February 5, 1993.
On February 22, 1994, the plaintiff filed a revised complaint.
On March 15, 1994, the defendants filed an answer to the revised complaint. The answer included three special defenses: (1) contributory negligence, (2) statute of limitations (General Statutes § 52-584), and (3) untimeliness to bring an action under the accidental failure of suit statute.
On March 17, 1994, the plaintiff filed a reply to the defendants' special defenses denying the allegations.
On September 25, 1995, the plaintiff filed a motion for summary judgment and a supporting memorandum. The motion was marked "off" at oral argument at the short calendar hearing on March 11, 1996. On October 3, 1995, the defendants filed a cross motion for summary judgment and an objection to the plaintiff's motion for summary judgment.
On January 2, 1996, the plaintiff filed a memorandum in opposition to the defendants' cross motion for summary judgment. The plaintiff argues that his action is not time barred. CT Page 3528
On January 30, 1996, the defendants filed a reply memorandum arguing that the plaintiff is attempting to re-litigate the issue of "actual notice" of the nonsuit in Lewis I. The defendants claim that the issue of "actual notice" is barred by the principle of res judicata because the issue was decided in Lewis I at the evidentiary hearing on the plaintiff's motion to open the judgment of nonsuit.[2]
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, "The test is whether a party would be entitled to a directed verdict on the same facts" Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105-06. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict directed." Miller v. United Technologies Corp., 233 Conn. 732.
In that motion for summary judgment on the plaintiff's complaint, the defendants argue that the relief sought under General Statutes §§ 52-592 and 52-270 is time barred. The plaintiff argues that his action was timely filed.
There is no need for the court to consider whether the plaintiff's action is time barred by General Statutes § 52-592
because a genuine issue of material fact exists as to whether the plaintiff is entitled to a new trial pursuant to General Statutes § 52-270.
General Statutes § 52-270 provides in pertinent part: "(a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant . . . or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases.. (b) An affidavit signed by any party or his or her attorney shall be presumptive evidence of want of actual notice." CT Page 3529
The defendants claim that the plaintiff's request for a new trial is an attempt to re-litigate the issue of "actual notice" of the nonsuit in Lewis I. The defendants argue that the "actual notice" issue is barred by res judicata because the issue was decided by the court at the evidentiary hearing on the plaintiff's motion to open the nonsuit.
The court did not make a factual determination as to when the plaintiff received "actual notice" of the judgment of nonsuit; the court determined that the court lacked subject matter jurisdiction to grant the motion to open judgment: "Well, I don't agree with Mr. Parnoff [the plaintiff's attorney] that this court [Lewis I] has any jurisdiction given the time frame set forth to reopen the judgment so the motion is denied" Exhibit F, Defendant's Reply Memorandum to Plaintiff's Memorandum in Opposition to Defendants' Cross Motion for Summary Judgment and Defendant's Objection to New Trial, page 55.
The plaintiff's attorney has provided an affidavit indicating that he did not receive "actual notice" of the nonsuit until February 5, 1993. General Statutes § 52-270 (b) requires the court to presume "want of actual notice" based upon this affidavit. This issue was not decided in Lewis I and therefore, is not barred, by res judicata, from being raised in the present action. A genuine issue of material fact exists as to when the plaintiff received "actual notice" of the nonsuit in Lewis I and whether the plaintiff is entitled to a new trial.
Accordingly, the defendants' motion for summary judgment is denied.
Ronald J. Fracasse, Judge